IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHEN WING, | § | |
| | § | No. 623, 2018 |
| Intervenor Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| THE BANK OF NEW YORK | § | C.A. No. N14L-12-017 |
| MELLON f/k/a The Bank of New | § | |
| York, as Trustee for the | § | |
| Certificateholders CWALT, Inc., | § | |
| Alternative Loan Trust 2006-6CB, | § | |
| Mortgage Pass-Through Certificates, | § | |
| Series 2006-6CB, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 23, 2019
Decided: October 9, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record in this case, it appears to the Court that:

(1) The appellant, Stephen Wing, filed this appeal from an order of the Superior Court denying his Motion for Reconsideration. After careful consideration of the parties' submissions and the record on appeal, we affirm the Superior Court's judgment for the reasons stated below.

(2) This action began when The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-6CB, Mortgage Pass-Through Certificates Series 2006-6CB (the "Bank") filed a mortgage foreclosure action against the owner of a property located in New Castle County. At a sheriff sale on December 12, 2017, A2B Trucking LLC placed a winning bid of $351,000 for the property and paid a 10% deposit of $35,100.

(3) On February 23, 2018, the Bank filed a motion to set aside the sheriff sale, because A2B Trucking had not paid the balance of its bid by January 16, 2018, as required to complete the sale.[1] The Superior Court granted the motion on May 22, 2018. The Bank then sought to have the property proceed to a sheriff sale again.

(4) On June 14, 2018, Wing filed a motion to intervene, in which he stated that on April 7, 2018 he had paid A2B Trucking $35,100 for A2B Trucking's rights in the bid on the property, and that A2B had later assigned the bid to Wing. Wing indicated that he was not provided with notice of the May 22 hearing, even though the Bank's counsel was aware of the assignment, and that he had obtained financing and wanted to complete the purchase of the property. On July 10, 2018, the Superior

---

[1] *See* New Castle County Sheriff Sales-Real Estate, *available at* https://nccde.org/DocumentCenter/View/193/Sheriff-Auction-Rules-and-Bidder-Registration?bidId= (stating that the balance of a bid at a mortgage sale is due on or before the third Monday of the month following the sale). *See also* DEL. SUPER. CT. R. 69(d) ("Return of sheriff's sales of real estate shall be made on the third Monday of the month succeeding the date of the sale . . . ."). January 15, 2018, the third Monday of the month following the sheriff sale, was a legal holiday.

Court granted the motion to intervene, vacated its earlier order setting aside the sheriff sale, and ordered the parties to proceed with the sale to Wing. The court specifically ordered that: "Mr. Stephen Wing must resolve the purchase of the home within in [sic] the 21 days allotted by the Bank."[2]

(5) On August 1, 2018, Wing sent a letter to the court in which he stated that after the July 10 hearing he had learned that there were tenants in the property, who claimed to have an equitable interest in the property. He therefore requested that the court require the Bank to "ha[ve] any and all adverse interests to the property closed prior to the finality of this sale."[3] The following day, the husband of the original property owner filed a motion for a rule to show cause, in which he asserted that he had an equitable interest in the property and could not be displaced by a writ of possession under Delaware law.

(6) On August 6, 2018, the Bank filed another motion to set aside the December 12, 2017 sheriff sale and order that the $35,100 deposit be forfeited to the Bank. The Bank provided notice to Wing that the court would hear the motion on September 25, 2018. Wing did not appear for the September 25 hearing. After the hearing, the court entered an order denying the homeowner's husband's motion for a rule to show cause and granting the Bank's motion to set aside the sheriff sale. The

---

[2] *Bank of New York Mellon v. Purnell*, C.A. No. N14L-12-017 VLM, Docket Entry No. 59 (Del. Super. Ct. July 10, 2018).
[3] *Id*. Docket Entry No. 60.

order provided that the balance of the bid funds, after payment of the sheriff's bid fee, would be forfeited to the Bank.

(7)     In a motion dated and notarized on October 5, 2018, which the Superior Court docketed on October 15, 2018, Wing sought reconsideration of the court's September 25 order.  He asserted that he had missed the hearing because, three business days before the hearing, his employer directed him to travel to New Hampshire on September 25.  Notably, he did not indicate that he had contacted the Bank's counsel or the court concerning the scheduling conflict.  The Bank opposed the motion.  After a hearing on the motion, the Superior Court entered an order denying the motion as untimely and "on its merits . . . for all the reasons stated on the record."[4]  This appeal followed.

(8)     The Superior Court did not err by denying Wing's motion as untimely. A motion for reargument must be filed within five days of the filing of the order that the movant seeks to reargue.[5]  In order to be timely, the motion had to be filed by October 2, 2018.[6]  Wing prepared the motion on October 5, 2018 and filed it on October 15, 2018--both dates are more than five days after the Superior Court's

---

[4] *Id.* Docket Entry No. 76.
[5] DEL. SUPER. CT. R. 59(e).
[6] *See id.* R. 6(a) (excluding intermediate Saturdays, Sundays, and legal holidays in computation of time periods less than eleven days).  *See also Shipley v. New Castle County*, 2008 WL 1775639 (Del. Apr. 17, 2008) (holding that, in order to be timely, a motion for reargument of a Superior Court order entered on January 18, 2008 had to be filed on or before January 25, 2008).

4

September 25, 2018 order. We therefore affirm the Superior Court's denial of the motion for reargument on the grounds that it was untimely.

(9)    We note that Wing's arguments on appeal are addressed to whether the sheriff sale should be set aside and the bid deposit forfeited. Several of these arguments are not ripe for appellate review because they do not appear to have been presented to the Superior Court in the first instance.[7] Moreover, Wing's untimely motion for reargument did not toll the time to appeal the Superior Court's order granting the Bank's motion to set aside the sheriff sale and ordering the forfeiture of the bid deposit.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[7] DEL. SUPR. CT. R. 8. The record does not reflect whether any of the issues raised in Wing's briefs on appeal were raised during the November 20, 2018 hearing on the motion for reargument, nor has Wing provided a transcript of that hearing. *See id.* R. 9(e) (governing designation of proceedings for transcription); *id.* R. 14(e) (requiring an appellant to provide to the Court "such portions of the [hearing] transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred").

[8] *See Dickens v. Coupe*, 2019 WL 1220717 (Del. Mar. 13, 2019) (affirming Superior Court's denial of plaintiff's motion for reargument on the grounds that the motion was untimely, and stating that the untimely motion for reargument did not toll the time to appeal the Superior Court's dismissal of the plaintiff's complaint).